IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANTE MCKNIGHT,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  23-3239 |
| | : | |
| **CHERYL STEBERGER,** *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                    **October 26, 2023**

Currently before the Court is the Second Amended Complaint ("SAC") of pro se Plaintiff Dante McKnight, a pretrial detainee currently confined at Lancaster County Prison ("LCP"). For the following reasons, the Court will dismiss Mr. McKnight's SAC.

I.     **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

On August 21, 2023, the Clerk of Court docketed a four-page letter from Mr. McKnight that described events concerning interference with his mail at LCP, among other issues. (*See* DI 1.) Although this letter was deficient as a complaint in a civil action in a number of respects, in an abundance of caution and in accordance with its obligations under the Federal Rules of Civil Procedure, the Clerk of Court treated this letter as a federal civil rights Complaint brought pursuant to 42 U.S.C. § 1983, opened a civil action, and assigned the matter to the undersigned for review. By Order dated August 30, 2023, Mr. McKnight was instructed that his letter was not a proper complaint under the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes. (DI 3.) For example, Mr. McKnight's letter did not

---

[1] The allegations set forth in this Memorandum are taken from Mr. McKnight's SAC. The Court adopts the pagination supplied by the CM/ECF docketing system.

identify a defendant, did not allege any legal basis for his claims, and did not set forth facts or claims in numbered paragraphs. (*See id.*) Moreover, Mr. McKnight had not paid the required filing fee or sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Mr. McKnight was given thirty-days leave to do so, as well as to file a proper complaint. (*Id.*) On September 29, 2023, Mr. McKnight filed an application to proceed *in forma pauperis* with an accompanying prisoner trust fund account statement, along with an Amended Complaint. (DI 4-6.) Named as Defendants were Cheryl Steberger, Warden of LCP; Charlie Stevens, Investigator; Lieutenant Lenard; and "Kennedy," who was identified as the "Head Mail Lady" at LCP. (*See* Am. Compl. at 2-3.)

In the Amended Complaint, Mr. McKnight alleged that his First Amendment rights had been "chilled." (*Id.* at 3.) For example, Mr. McKnight claimed that his legal mail "to the U.S. Justice Department and PA Law Project was seized." (*Id.* at 5.)[2] He also alleged that Warden Steberger "failed to supervise and train L.C.P. employees Charlie Stevens and Lenard. They both seized my legal mail." (*Id.*) According to Mr. McKnight, Defendant Kennedy gave his legal mail to Defendants Stevens and Lenard. (*Id.* at 5, 6.)

By Memorandum and Order, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing Mr. McKnight's claims without prejudice because they were not plausible as pled. (DI 7, 8.) Mr. McKnight was given leave to file a Second Amended Complaint to attempt to cure the defects the Court identified in his claims. Mr. McKnight has now returned with a Second Amended Complaint. (DI 12.) Named as Defendants are Charles

---

[2] When describing a grievance he filed pertaining to the matter at issue, Mr. McKnight suggested that the "legal mail going to law agencies" was seized because he "had information on corruption with law enforcement allowing their [confidential informants] to operate outside the law." (*See* Am. Compl. at 8.)

2

Stevens, an Investigator at LCP, and Trevor Lenard, a Lieutenant at LCP.  (*See* SAC at 2.)  Each Defendant is named in his individual capacity only.  (*Id.*)

The allegations in Mr. McKnight's SAC once again are brief.  He claims that his First Amendment rights to freedom of speech and expression were violated when Defendants censored his legal mail.  (*Id.* at 3-4.)  According to Mr. McKnight, "at or about September of 2021 until they resigned in 2023," while Mr. McKnight was housed on the restricted housing unit, his "legal and family letters" were subject to censorship.  (*Id.* at 4-5.)  He alleges that his outgoing and incoming mail was intercepted, and this censorship was not reasonably based upon a governmental interest.  (*Id.* at 5.)  He alleges that Nicole Kennedy witnessed these acts and that they were committed by Defendants Stevens and Lenard.  (*Id.*)  As relief, Mr. McKnight seeks monetary damages.  (*Id.*)

## II.     STANDARD OF REVIEW

Because Mr. McKnight has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint,

3

liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Mr. McKnight is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also Turner v. Safley*, 482 U.S. 78, (1987). However, "these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh*, 490 U.S. at 407 (quoting *Turner*, 482 U.S. at 85).

To allege a plausible interference with legal mail claim, a plaintiff must allege that the interference was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech."). "[A] single instance is usually not enough." *Gibson v. Erickson*, 830 F. App'x 372, 373 (3d Cir. 2020) (*per curiam*). Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails. *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006). Nonetheless, courts have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First Amendment violation. *See, e.g., Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) (*per curiam*) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation.").

While Mr. McKnight alleges that Defendants Stevens and Lenard interfered with his First Amendment rights over the course of two years, he does so only in conclusory fashion. He merely claims that his incoming and outgoing legal mail and letters to family were confiscated by Defendants Stevens and Lenard. (*See* SAC at 3-4.) Even construing the SAC liberally, the facts alleged in the SAC are insufficient to state a plausible First Amendment claim. Mr. McKnight presents no plausible allegation that the interference was part of a pattern and practice, and fails to plead facts regarding any specifics of the confiscation of his mail. Consequently, Mr. McKnight has failed to state First Amendment claims against Defendants Stevens and Lenard. *See Iqbal*, 556 U.S. at 678; *see also Drake v. Muniak*, No. 13-3868, 2017 WL 1102628, at *3 (D.N.J. Mar. 24, 2017) (finding First Amendment claim did not satisfy the *Iqbal*/*Twombly* facial

plausibility standard where plaintiff alleged only that there was a pattern or practice of reading or inspecting prisoners' legal materials outside of their presence).

## IV.     CONCLUSION

As set forth more fully above, Mr. McKnight's Second Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Since Mr. McKnight was already given two opportunities to amend the defects in his federal claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate Order follows, which dismisses this case.